# UNITED STATES DISTRICT COURT

### for the
### Southern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  '24  MJ3648 |
| 7413 Canyon Breeze Drive, San Diego, California | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2113, 844, 5861 | Bank Burglary, Use of a Explosive Device to Damage Property, Possession of a Destructive Device and Manufacture of a Destructive Device |

The application is based on these facts:

See Affidavit in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Alex Esconde, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim P. 4.1 by telephone.

Date: _____09/26/2024_____

_____
*Judge's signature*

City and state:  San Diego, California

Michael S. Berg, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANTS**

I, Alex Esconde, being duly sworn, declare and state:

INTRODUCTION

1.     I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.     I am a Special Agent with the Federal Bureau of Investigation and have been so employed since February 2003. As a Federal Agent, I am authorized to investigate violations of laws of the United States and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. I am currently assigned to the Violent Crimes Task Force of the FBI's San Diego Field Office where I investigate various crimes that include, but are not limited to, bank robberies, commercial robbery chains, kidnappings, extortions, fugitives, assaults on federal officers, and murders of United States citizens in foreign countries.  During the course of my duties, I have prepared search and arrest warrants and have participated in the execution of search and arrest warrants.

3.     I completed eighteen weeks of training at the FBI Academy in Quantico, Virginia. During the training, I received instruction in a variety of investigative techniques commonly used in support of a wide range of the FBI's investigative priorities. The training included instruction regarding the use of confidential human sources, electronic and physical surveillance techniques, law enforcement tactics, search and seizure laws and techniques, interviewing strategies and skills, forensic techniques, and a variety of other subjects.

4.     I have completed the certification for the FBI's Cellular Analysis Survey Team (CAST).  The training included instruction regarding obtaining and analyzing cellular communication data, historical call detail record analysis, geospatial mapping,

1

and tower dump analysis and comparisons to establish links between significant locations/persons and cellular tower data.

5.      In connection with bank robbery, bank burglary, and commercial robbery investigations in which I have participated, as well as upon information relayed to me by other individuals, including conversations with other law enforcement officers, I am familiar with the methods used by individuals who commit such thefts. Burglaries, like bank robberies, are typically planned in advance. Individuals committing these types of theft crimes commonly communicate and coordinate with each other prior to, during and after each event using cellular/wireless telephones. Furthermore, in most bank robberies and burglaries, surveillance of the targeted location is conducted prior to the attempt.

6.      On August 15, 2024, the Honorable Barbara L. Major issued a federal warrant (24MJ3122-BLM) ("the Original Search Warrant") authorizing the search of a residence at 7413 Canyon Breeze Drive, San Diego, CA (**Subject Premises**). The Original Search Warrant on **Subject Premises** is incorporated herein and included as **Attachment C**.

7.      On August 23, 2024, the Original Search Warrant was executed at **Subject Premises**. During the search investigators found two propane tanks that are believed to belong to Son Thanh Nguyen (Defendant). Photos were taken of the propane tanks, but they were left at **Subject Premises**.

//
//
//
//
//
//
//







8.     Also during the search, investigators found two glass containers that are commonly used to contain gasses such as Acetlyene. Photos were taken of the glass containers, but they were left at **Subject Premises**. Both the propane tanks and glass containers could be tested by bomb and or fire technicians so investigators would like to retrieve those items.

//

//

//

//

//

//

//

//



1

2
## II

3
## THE STATEMENT OF PROBABLE CAUSE

4       9.      The Statement of Probable Cause provided in the affidavit in support of

5   the Original Search Warrant, as contained in **Attachment C**, is incorporated herein by

6   reference. Based on this prior Statement of Probable Cause, I believe there continues to

7   be probable cause that **Subject Premises** as more fully described in **Attachment A**,

8   will possess evidence, fruits and instrumentalities, and property used in committing a

9   federal crime, including but not limited to: Title 18, United States Code, Sections 844i

10  (Use of an Explosive to Damage Property) as more fully described in **Attachment B.**

11
## V

12
## CONCLUSION

13       10.      Based on the facts above, my training and experience, and a review of the

14  documents and other relevant information that I believe is reliable, I submit there is

15  probable cause to believe that evidence, fruits and instrumentalities of violations of

16  federal law, including but not limited to: Title 18, United States Code, Sections 844i

17  (Use of an Explosive to Damage Property) as more fully described in **Attachment B.**

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

6

1

2       11.     In consideration of the foregoing, I respectfully request that this Court

3 issue a search warrant for the location more fully described in **Attachment A** for the

4 items fully described in **Attachment B**, respectively.

5

6

7       _____

8       ALEX ESCONDE
        Special Agent
9       Federal Bureau of Investigation

10

11 Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

12 by telephone on this 26th day of September, 2024.

13

14 _____

15 HONORABLE MICHAEL S. BERG
   United States Magistrate Judge
16 Southern District of California

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTACHMENT A**

### PROPERTY TO BE SEARCHED

7413 Canyon Breeze Drive, San Diego, CA (**Target Location**) is a tan, single family residence with brown roof and an attached garage. The main doorway is visible from Canyon Breeze Drive, and the driveway serves as the main access point to Canyon Breeze Drive. Search of the residence is to include any unattached storage or structure found upon the residence's curtilage.



**ATTACHMENT B**

ITEMS TO BE SEIZED

The evidence to be seized from the search of property identified in A is as follows:

a. two propane tanks



//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

b. two two glass containers that are commonly used to contain gasses such as Acetlyene



which are evidence, fruits or instrumentalities of violations of 18 U.S.C. § 844i (Use of an Explosive to Damage Property).

# ATTACHMENT C

# UNITED STATES DISTRICT COURT

for the
Southern District of California

**SEALED**

In the Matter of the Search of
*(Briefly describe the property to be searched*
*or identify the person by name and address)*

7413 Canyon Breeze Drive, San Diego, California

)
)
)
)
)
)

Case No.   '24 MJ3122 BLM

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

    I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

located in the      Southern      District of      California     , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

    The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

    The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2113, 844, 5861 | Bank Burglary, Use of a Explosive Device to Damage Property, Possession of a Destructive Device and Manufacture of a Destructive Device |

    The application is based on these facts:

See Affidavit in Support of Search Warrant

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Alex Esconde, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim P. 4.1 by telephone.

Date:    **Aug 15, 2024**

_____
*Judge's signature*

City and state:   San Diego, California      Barbara L. Major, U.S. Magistrate Judge
*Printed name and title*

1  **AFFIDAVIT IN SUPPORT OF**

2  **APPLICATION FOR SEARCH WARRANTS**

3      I, Alex Esconde, Special Agent, Federal Bureau of Investigation (FBI),

4  being duly sworn, hereby state as follows:

5                        INTRODUCTION

6      1.      This affidavit is made in support of an application for the issuance of

7  a warrant for evidence of crimes, specifically, violations of Title 18, United States

8  Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844

9  (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code,

10 Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United

11 States Code, section 5861(d) (Possession of a Destructive Device), and Title 26,

12 United States Code, section 5861(f) (Manufacture of a Destructive Device)

13 collectively the "**Target Offenses**" for the following:

14      a.  **Target Location** – The property to be searched is tan colored, single-

15 family home located at 7413 Canyon Breeze Drive, San Diego, CA. The **Target**

16 **Location** is located within the Southern District of California and will be located

17 within the Southern District of California during the search.

18      b.  **Target Vehicle** – The vehicle to be searched is a black colored Volvo

19 S40 sedan with California License Plate 6VZT858. The **Target Vehicle** is located

20 within the Southern District of California and will be located within the Southern

21 District of California during the search.

22      2.      Based on my training and experience and the facts as set forth in this

23 affidavit, I submit that there is probable cause to believe that evidence of the Target

24 Offenses are contained within the **Target Location** and **Target Vehicle**, as

25 described in Attachments A -1 and Attachment A-2 to produce the evidence and

26 information described in the corresponding Attachment B.

27

3.      Based on the facts below, there is probable cause to believe that the search of the **Target Location** and **Target Vehicle**, for the items described in Attachment B, will produce evidence and instrumentalities of violations of Title 18, United States Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United States Code, section 5861(d) (Possession of a Destructive Device), and Title 26, United States Code, section 5861(f) (Manufacture of a Destructive Device).

4.      The following facts set forth in this affidavit are based on my own investigation, reports written by other law enforcement agents, consultation with other law enforcement agents and officers experienced in investigating violent crimes, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Since this affidavit is submitted for a limited purpose of obtaining a search warrant for the **Target Location** and **Target Vehicle**, it does not set forth each and every fact that I or others have learned during the course of this investigation, but only contains those facts believed to be necessary to establish probable cause. I set forth only fact necessary to establish foundation for the requested warrant. Dates and times are approximate are noted in either Pacific Standard Time or Pacific Daylight Time. Agent interpretation of information from the investigation is set forth in brackets.

//

//

//

2

# EXPERIENCE AND TRAINING

5.      I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

6.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since February 2003. I am authorized to investigate violations of laws of the United States and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. I am currently assigned to the Violent Crimes Task Force of the San Diego Field Office where I investigate various crimes that include, but are not limited to, bank robberies, commercial robbery chains, kidnappings, extortions, fugitives, assaults on federal officers, and murders of United States citizens in foreign countries. During the course of my duties, I have prepared search and arrest warrants and have participated in the execution of search and arrest warrants.

7.      I completed approximately eighteen weeks of training at the FBI Academy in Quantico, Virginia. During the training, I received instruction in a variety of investigative techniques commonly used in support of a wide range of the FBI's investigative priorities. The training included instruction regarding the use of confidential human sources, electronic and physical surveillance techniques, law enforcement tactics, search and seizure laws and techniques, interviewing strategies and skills, forensic techniques, and a variety of other subjects.

8.      I have completed the certification for the FBI's Cellular Analysis Survey Team (CAST). The training included instruction regarding obtaining and analyzing cellular communication data, historical call detail record analysis,

geospatial mapping, and tower dump analysis and comparisons to establish links between significant locations/persons and cellular tower data.

9.     In connection with bank robbery and commercial robbery investigations in which I have participated, as well as upon information relayed to me by other individuals, including conversations with other law enforcement officers, I am familiar with the methods used by individuals who commit such thefts. Burglaries, like bank robberies, are typically planned in advance. Individuals committing these types of theft crimes commonly communicate and coordinate with each other prior to, during and after each event using cellular/wireless telephones. Furthermore, in most bank robberies and burglaries, surveillance of the targeted location is conducted prior to the attempt.

10.    I make this affidavit, in part, based on personal knowledge derived from my participation in this investigation; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, and information gained through my training, experience, and communications with colleagues and observations that have been reported to me either directly or indirectly.

11.    The basis for my opinions and conclusions set forth below, which I draw from the facts stated herein, are derived from my training and experience and my conversations with other Special Agents of the FBI, Task Force Officers (TFOs), and Detectives, Officers, and other local investigators familiar with violent crime and robberies. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that others or I have learned during the course of this investigation dates and times outlined below are approximate.

4

**FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE**

*Background of the Case*

12.     The FBI is conducting a criminal investigation to identify the individual who committed two automated teller machine (ATM) burglaries in San Diego County on June 8, 2024 and June 28, 2024, all within the Southern District of California, in violation of Title 18, United States Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United States Code, section 5861(d) (Possession of a Destructive Device), and Title 26, United States Code, section 5861(f) (Manufacture of a Destructive Device). The victim banks and credit unions were federally insured by either the National Credit Union Administration (NCUA) or the Federal Deposit Insurance Corporation (FDIC) at the time of each burglary.

*Cal Coast Credit Union Burglary*

13.     On June 8, 2024, at approximately 3:24 AM, an unknown subject "S1" arrived at the California Coast Credit Union, located at 3284 Governor Drive, San Diego, CA 92122, in a black colored sedan with aluminum rims.  Upon arrival at the credit union, S1 exited the driver's side of the vehicle and approached the ATM on foot carrying unknown tools/devices.  S1 then appeared to make multiple attempts, using the tools to pry the cash dispenser door open.

14.    At approximately 3:26 AM, S1 brought a blue plastic container (approximately 5 gallons in size) with white spout, from the area of S1's vehicle, to the area in front of the ATM.



15.    S1 then appeared to insert a black pvc hose with wires attached, into the ATM machine.



16.    A short time afterwards, a small explosion occurred inside the ATM. At approximately 3:27 AM, S1 returned to the ATM, and appeared to manipulate the ATM.  S1 did not gain access to the ATM, and left the scene of the attempted burglary in the vehicle.



17.     At approximately 3:36 AM, San Diego Police Department (SDPD) received a call from Alarm Unlimited. The company reported that the California Coast ATM had been tampered with. At the same time, SDPD received a report of possible gunshots at an address near the California Coast ATM.

18.     At approximately 3:40 AM SDPD officers arrived on scene at the California Coast Credit Union ATM. They observed a white polyvinyl chloride plastic (PVC) pipe connected to a black PVC pipe with two batteries taped to it. They also observed pieces of what looked like a blue balloon around the ATM. Approximately 20 feet from the ATM was another plastic pipe.

1

*First Citizens Bank Burglary*

2      19.     On June 28, 2024 at approximately 2:10 AM, S1 arrived in a black

3  Volvo S40 sedan, at the First Citizen's Bank, located at 16536 Bernardo Center

4  Drive, San Diego, CA 92128 and parked in the drive through ATM lane.  The

5  license plate, California 24876J1, was clearly visible on S1's vehicle.  S1 then

6  removed tools from the rear passenger area of S1's vehicle and appeared to use the

7  tools to manipulate the ATM cash dispenser area.  At one point S1 again reached

8  into the back seat of the vehicle, through the open rear driver's side door and

9  removed another tool/device that appeared to have a valve attached to the top.  At

10 approximately 2:11 AM, S1 pulled the vehicle forward and continued to use tools

11 to pry open the ATM door.  At approximately 2:12 AM, S1 got into the driver's

12 seat of the vehicle, drove away from the ATM, and exited the bank parking lot.

13

14



23      20.     At approximately 2:13 AM, S1 returned to the bank parking lot and

24 pulled back into the ATM drive through.  S1 removed a metal u-shaped rod from

25 the rear passenger seat of the vehicle and then manipulated the device into the

26 Bank's ATM cash dispensary slot. S1 then removed the tool/device and appeared

27

8

to put it into the rear seat of the vehicle.  S1 then removed a separate tool/device from the vehicle, knelt in front of the ATM, and pushed the device into the ATM. The tool/device appeared to have wires attached.



21.    At approximately 2:15 AM, S1 got back into the vehicle and pulled the vehicle away from the ATM with the tool/device still wedged into the ATM, and the wires attached to the tool and extending into the driver's seat area of the vehicle



9

22.    Between 2:15:30 AM and 2:15:46 AM, there appeared to be a disturbance to the ATM since the attached camera suddenly jolted.  S1 appeared to pull on the wires that were attached to the tool/device wedged into the ATM. S1 then exited the driver's door of the vehicle and manipulated the tool/device still wedged into the ATM.

23.    At approximately 2:15:53 AM, S1's vehicle pulled away from the ATM with the tool/device still wedged into the ATM, and the wires attached.

24.    From approximately 2:16 AM through 2:51 AM, smoke emitted from the ATM.



25.     At approximately 3:23 AM, SDPD received a call to investigate a burglary alarm at the First Citizen's Bank ATM. Upon arrival, officers observed the First Citizen's Bank ATM with smoke coming out of it and electrical components on fire. Electrical wires protruded from the machine with a metal rod bent into a U-shape attached. Additionally, blue material with a white and black valve was found in front of the ATM.  The estimated damage to the ATM to be $100,000.00.

 

26.     A query of the California Department of Motor Vehicles (DMV) database revealed California license plate 24876J1 was registered to a 2013 Ford van, to "Mouanne's Distributors West," located at 6101 Rickenbacker Road, Commerce, CA 90040.

11

*Identification of S1*

27.     Based on a review of the surveillance videos from both the Cal Coast
Credit Union and the First Citizen's Bank, I observed the subject in both locations
had visible facial features, including nose bridge and eye shapes that were
identical. Additionally, the subject appeared to be wearing the same identical knit
cap and facial covering, and the subject's stature and mannerisms were identical.

**\*\*Cal Coast ATM\*\*\***     **\*\*First Citizens Bank\*\***




28.     Upon closer examination of S1's vehicle in the First Citizen's Bank
surveillance video, it appears there was some minor damage or anomaly on the
trunk area just below where the license plate was mounted.

12



29.    On July 25, 2024, a query of the California License Plate Reader (LPR) database was conducted, which revealed a Volvo S40 sedan, bearing California license plate 6VZT858, hereafter "6VZT858," that had visible characteristics similar to the vehicle used in the burglaries to include damage to the trunk under the license plate, similar rims and vehicle tint.

30.     The LPR database revealed 6VZT858 had a heavy presence in the areas of the bank and credit union burglaries.



31.     A query of the California DMV database revealed 6VZT858 was registered to Son Than Nguyen (NGUYEN), residing at the **Target Location**.

32.     A query of the CLEAR database revealed NGUYEN resided at the **Target Location**.

14

33.     A comparison of NGUYEN's facial features from his California Driver's License photograph to still photographs taken from the California Coast Credit Union and First Citizens Bank burglaries revealed several similarities including eye shape, nose bridge and presence of malar bags (under eye bags).

**Cal Coast ATM**          **NGUYEN DMV Photo**

 

34.     On July 25, 2024, a physical surveillance was conducted at the **Target Location**.  During the surveillance, 6VZT858 was observed parked in front of the residence.



15

35.     Upon comparing the photograph of 6VZT858 taken in front of the **Target Location** and the images from the First Citizens Bank surveillance video, I noticed the vehicles appeared to be identical including the make, model, rims, tinted windows, and damage to the trunk.





36.     Based on my investigation, written reports and evidence, I believe that NGUYEN and his vehicle were both present and responsible for the California Coast Credit Union ATM and First Citizen's bank ATM incidents.

16

37.     Based upon my experience and training, research, consultation with other law enforcement officers experienced in burglary investigations, and all the facts and opinions set forth in this affidavit, I know that:

a.     Individuals involved in physical attacks against ATMs will use tools such as pry bars to access the internal areas of the ATM.

b.     These individuals would then inject the ATMs with substances such as explosive and combustible powders, gases and liquids.  One such substance, acetylene gas is a colorless, flammable, explosive gas commonly used as a fuel in welding and cutting metals, is extremely flammable, and has commonly been used to breach ATMs.

c.     Once the combustible substance is injected inside the ATM, wires, cannon fuse or electrical extension cord can be inserted inside the same area in order to detonate the substance.

38.     Based upon my experience and training, research, consultation with other law enforcement officers experienced in burglary investigations, and all the facts and opinions set forth in this affidavit, I know that individuals involved in violations of Title 18, United States Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United States Code, section 5861(d) (Possession of a Destructive Device), and Title 26, United States Code, section 5861(f) (Manufacture of a Destructive Device) often maintain the following items in their residences or vehicles:

a.     Documents and articles of personal property reflecting the identity of persons occupying, possessing, residing in, owning, frequenting or controlling the premises to be searched or property therein, including keys, rental agreements

and records, property acquisition records, utility bills and receipts, photographs, telephone, vehicle and/or vessel records, cancelled mail envelopes, correspondence, financial documents such as tax returns, bank records, cancelled checks, and other records of income and expenditure, credit card records, travel documents, personal identification documents, and driver's licenses.

b. Photographs depicting clothing, disguises worn (e.g., masks or bandanas), tools and materials used during the burglary, along with any proceeds seized from the armed burglary;

c. Clothing and disguises worn (e.g., masks or bandanas), used during the burglary, along with any proceeds seized from the burglary;

d. Tools and materials used during the burglary;

e. Records of their plans to rob banks, and records of any reporting of the robberies by the press to the public;

f. Cellular telephones and personal computers, which in my training and experience, I have learned that individuals engaged in robberies often use their cell phones, personal computers, and electronic media to conspire, plan and coordinate their criminal activities and that cellphones, personal computers, and electronic media retain evidence of their crimes such as communications, photographs, videos, contact information of co-conspirators, location data, travel arrangements, and financial data that evidence criminal activities, and usually maintain their cell phones and personal computers on their person and/or their residence and vehicles.

g. Photographs of their associates and stolen cash proceeds from the robberies.

h. Explosives, accelerants and chemical agents used in the burglary

18

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION WITHIN CELLULAR TELEPHONES

39.    It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in a flight mode which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

40.    Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data

19

contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

41.     Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## REQUESTS FOR SEALING

42.     It is further respectfully requested that this Court issue an Order sealing, with disclosure permitted to the defendants' attorneys pursuant to an early disclosure agreement or Rule 16, Fed. R. Crim. P. or until further order of this court, all papers submitted in support of these Applications, including the Applications, Affidavit, Attachments and Search Warrants, and the requisite inventory notice. This is an ongoing investigation of which the targets may be aware but do not know the full scope. There is reason to believe, based on the above, that premature disclosure of the existence of the warrants will result in destruction or tampering with that evidence, endanger cooperating individuals, and seriously jeopardize the success of the investigation.

//
//
//
//
//
//

**CONCLUSION**

43.     Based upon my training and experience, and the facts so far, there is probable cause to believe that Son NGUYEN has been involved in the burglaries of several banks and that he resides at the premises located at **Target Location**, as identified in Attachment A-1, and utilized the **Target Vehicle**, as identified in Attachment A-2.   I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations of the Target Offenses, as described in the corresponding Attachments B are likely to be found in the **Target Location** and the **Target Vehicle**, as described in the corresponding Attachments A-1, and A-2.

_____
Alex Esconde
FBI Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this **15th day of August 2024.**

_____
HONORABLE BARBARA L. MAJOR
United States Magistrate Judge

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **Attachment A-1**
## **Property to Be Searched**

7413 Canyon Breeze Drive, San Diego, CA (**Target Location**) is a tan, single family residence with brown roof and an attached garage.   The main doorway is visible from Canyon Breeze Drive, and the driveway serves as the main access point to Canyon Breeze Drive.   Search of the residence is to include any unattached storage or structure found upon the residence's curtilage.



22

1

**Attachment B**

2

The following evidence to be searched for and seized pertains to violations of

3

federal law, including Title 18, United States Code, Section 2113(b) (Bank

4

Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to

5

Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an

6

Explosive Device to Damage Property), Title 26, United States Code, section

7

5861(d) (Possession of a Destructive Device), and Title 26, United States Code,

8

section 5861(f) (Manufacture of a Destructive Device):

9

a) Brown/green beanie

10

b) Brown/green balaklava

11

c) Black t-shirt

12

d) 5 gallon (approx. size) blue liquid container with white spout

13

e) Black PVC hose

14

f) California License Plate 24876J1

15

g) Materials, ignitable liquids, combustible gases, manufactured gases,

16

explosive powders and tools used in the manufacture of destructive

17

devices, including, but not limited to, ignitable liquids, combustible

18

gases, manufactured gases, explosive powders, Pydrodex, Pydrodex

19

containers, pipe, end caps, cordless drills, drill bits, manufactured gas

20

cylinders, welding attachments, welding hose, cannon fuse, wire.

21

h) PVC pipes and valves

22

i) Tools and devices used to pry and manipulate ATM covers and doors

23

j) Any papers, photographs, items, communications, records or data (in

24

paper or electronic form):

25

i. Evidencing research relating to the locations of either burglary;

26

27

23

       ii.    Evidence research relating to the manufacture of any destructive device or the commission of burglary by the use of explosives;

      iii.    Identifying criminal associates or co-conspirators in the criminal activities described above and evidencing communications with such individuals about said criminal activities;

      iv.    Evidencing the location of Son Nguyen or any other criminal associates or co-conspirators at the time of the burglaries

k)  Any cellular phones belonging to or able to accessed or possessed by Son NGUYEN. Within the cellular phones seized pursuant to this warrant includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular phone. The seizure and search of cellular phones will be conducted in accordance with the Procedures for Electronically Stored Information Within Cellular Telephones in the affidavit in support of the search warrant. The evidence to be seized from the cellular phones will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data for the period of June 5, 2024 through, and including, July 5, 2024:

a.    tending to identify research relating to the locations of either burglary;

b.    tending to identify research relating to the manufacture of any destructive device or the commission of burglary by the use of explosives;

c.    tending to identify criminal associates or co-conspirators in the criminal activities described above and evidencing communications with such individuals about said criminal activities;

d.    tending to identify the location of Son NGUYEN or any other

24

criminal associates or co-conspirators at the time of either burglary;

which are evidence of violation of Title 18, United States Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United States Code, section 5861(d) (Possession of a Destructive Device), and Title 26, United States Code, section 5861(f) (Manufacture of a Destructive Device):

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

**SEALED**

for the
Southern District of California

In the Matter of the Search of                )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*      )    Case No.    '24 MJ3122 BLM
7413 Canyon Breeze Drive, San Diego, CA    )
                                           )    ## NOT FOR PUBLIC VIEW
                                           )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Southern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____August 29, 2024_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Barbara L. Major_____ .
                                                                    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    **11:52 AM, Aug 15, 2024**        _____Barbara L. Major_____
                                                          *Judge's signature*

City and state:    San Diego, California        Barbara L. Major, U.S. Magistrate Judge
                                                *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>'24  MJ3122  BLM | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name(s) of any person(s) seized: |
|---|
| |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____

_____
*Executing officer's signature*

_____
*Printed name and title*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## Attachment A-1
## Property to Be Searched

7413 Canyon Breeze Drive, San Diego, CA (**Target Location**) is a tan, single family residence with brown roof and an attached garage.  The main doorway is visible from Canyon Breeze Drive, and the driveway serves as the main access point to Canyon Breeze Drive.  Search of the residence is to include any unattached storage or structure found upon the residence's curtilage.



**Attachment B**

The following evidence to be searched for and seized pertains to violations of federal law, including Title 18, United States Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United States Code, section 5861(d) (Possession of a Destructive Device), and Title 26, United States Code, section 5861(f) (Manufacture of a Destructive Device):

a) Brown/green beanie

b) Brown/green balaklava

c) Black t-shirt

d) 5 gallon (approx. size) blue liquid container with white spout

e) Black PVC hose

f) California License Plate 24876J1

g) Materials, ignitable liquids, combustible gases, manufactured gases, explosive powders and tools used in the manufacture of destructive devices, including, but not limited to, ignitable liquids, combustible gases, manufactured gases, explosive powders, Pydrodex, Pydrodex containers, pipe, end caps, cordless drills, drill bits, manufactured gas cylinders, welding attachments, welding hose, cannon fuse, wire.

h) PVC pipes and valves

i) Tools and devices used to pry and manipulate ATM covers and doors

j) Any papers, photographs, items, communications, records or data (in paper or electronic form):

    i.    Evidencing research relating to the locations of either burglary;

ii.    Evidencing research relating to the manufacture of any destructive device or the commission of burglary by the use of explosives;

iii.   Identifying criminal associates or co-conspirators in the criminal activities described above and evidencing communications with such individuals about said criminal activities;

iv.    Evidencing the location of Son Nguyen or any other criminal associates or co-conspirators at the time of the burglaries

k) Any cellular phones belonging to or able to accessed or possessed by Son NGUYEN. Within the cellular phones seized pursuant to this warrant includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular phone. The seizure and search of cellular phones will be conducted in accordance with the Procedures for Electronically Stored Information Within Cellular Telephones in the affidavit in support of the search warrant. The evidence to be seized from the cellular phones will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data for the period of June 5, 2024 through, and including, July 5, 2024:

a.    tending to identify research relating to the locations of either burglary;

b.    tending to identify research relating to the manufacture of any destructive device or the commission of burglary by the use of explosives;

c.    tending to identify criminal associates or co-conspirators in the criminal activities described above and evidencing communications with such individuals about said criminal activities;

d.    tending to identify the location of Son NGUYEN or any other

criminal associates or co-conspirators at the time of either burglary;

which are evidence of violation of Title 18, United States Code, Section 2113(b) (Bank Burglary), Title 18, United States Code, Section 844 (h) (Use of an Explosive to Commit a Felony), Title 18, United States Code, Section 844(i) (Use of an Explosive Device to Damage Property), Title 26, United States Code, section 5861(d) (Possession of a Destructive Device), and Title 26, United States Code, section 5861(f) (Manufacture of a Destructive Device):